**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**VA'A KITIONA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 17-02

July 28, 2002

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Marcellus T. Uiagalelei, Assistant Attorney General
For Defendant, Curtis Sherwood, Assistant Public Defender

ORDER DENYING MOTION TO SUPPRESS

Defendant moves to suppress a written statement that he had given to the police on February 6, 2002. Both sides submitted briefs. The Court heard evidence and oral argument on this motion on July 25, 2002.

## Discussion

A.    Involuntary Confession

Defendant argues, even though he was read his *Miranda* rights in Samoan (his native language) and signed a form indicating his waiver of those rights that he was unaware of his rights and the waiver was not given voluntarily. Two police officers testified that defendant was held only as long as necessary to take his statement, that defendant was not prevented from using the bathroom or denied water, and that no promises or deals were made with defendant.

Defendant, without producing any supporting evidence, requests the Court to imply that he was held by the police for an inordinate period of time before giving his statement, that he was not offered water or bathroom breaks, and that the officers had enticed him to give a statement on a promise to let him go home if he gave a statement. Because of these alleged violations of his rights, defendant has moved the Court to exclude his statement.

After listening to the testimony and considering the submitted briefs, the Court is satisfied that defendant did in fact waive his rights and that he did so without any form of coercion on the part of the officers. We find no reason to doubt the testimony of the officers and no contradictory evidence was offered. Although defense counsel elicited testimony from the officers on cross examination that defendant appeared nervous when he gave his written statement, nervousness per se does not necessarily translate into coercion on the part of the officers. The sort of unnerving factors that would have at the time prayed on the defendant's mind, includes his being turned in by an eye witness--the defendant's travelling companion apparently troubled with pangs of conscience--and his prospects, therefore, of facing serious criminal consequences on a hit and run scenario involving the death of another.

333

In proper perspective, the exclusionary rule developed as a prophylactic measure against police excessiveness. *Am. Samoa Gov't v. Afamasaga*, 17 A.S.R.2d 145, 148 (Trial Div. 1990). Here, we find no evidence of police excessiveness.

B.     Vienna Convention

Defendant also argues that, as he is a citizen of (Independent) Samoa, the officers were obligated to read him his rights under Article 36 of the Vienna Convention, including the right to speak with his nation's consul before being questioned.

■ This Court dealt with this issue in *American Samoa Government v. Fonoti*, CR No. 99-00, Order denying Motion to Suppress (April 23, 2001). There, we chose to apply the decided law of the 9th and 7th Circuits in holding that the exclusionary rule is not the proper remedy for a failure to warn a defendant of his rights under the Vienna Convention. *See Id.*; *United States v. Lombera-Camorlina*, 206 F.3d 882 (9th Cir., 2000); *United States v. Lawal*, 231 F.3d 1045. (7th Cir. 2000). Save for the public defender's continuing position of disagreement, we have been provided no reason, nor do we see any, to reverse that decision today.

### Order

Defendant waived his rights after being properly Mirandized and has failed to show that he was coerced by the police in either waiving his rights or in giving his written statement. The law is well established that failure to read a witness his rights under the Vienna Convention is not properly remedied by the exclusionary rule. Accordingly, defendant's motion to suppress is hereby denied.

It is so ordered.